1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT

8             EASTERN DISTRICT OF CALIFORNIA

9

10   JULIUS ROSENTHAL,              ) 1:11-cv—00164-OWW-SKO-HC
                                    )
11              Petitioner,         ) FINDINGS AND RECOMMENDATIONS TO
                                    ) DISMISS THE PETITION FOR WRIT OF
12                                  ) HABEAS CORPUS FOR FAILURE TO
         v.                         ) STATE A COGNIZABLE CLAIM (DOC 1.)
13                                  ) AND TO DECLINE TO ISSUE A
     F. GONZALEZ, Warden,           ) CERTIFICATE OF APPEALABILITY
14                                  )
                Respondent.         ) FINDINGS AND RECOMMENDATIONS TO
15                                  ) DIRECT THE CLERK TO MAIL A CIVIL
     _____) RIGHTS FORM TO PETITIONER AND TO
16                                    CLOSE THE CASE

17
18        Petitioner is a state prisoner who is proceeding pro se and

19   in forma pauperis with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254.  The matter has been referred to

21   the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local

22   Rules 302 and 304.  Pending before the Court is the petition,

23   which was filed on January 31, 2011.

24        I.  Screening the Petition

25        Rule 4 of the Rules Governing § 2254 Cases in the United

26   States District Courts (Habeas Rules) requires the Court to make

27   a preliminary review of each petition for writ of habeas corpus.

28   The Court must summarily dismiss a petition "[i]f it plainly

1

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Habeas Rule 4, Adv. Comm. Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II.  Conditions of Confinement

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States.  28

U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. –, –, 131 S.Ct. 13, 16 (2010) (per curiam).

A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

Petitioner, presently an inmate of the California Correctional Institution at Techachapi, California (CCI), alleges that he suffered violations of his constitutional rights in connection with gang validation procedures in prison occurring on January 16, 2008, that resulted in a finding that Petitioner was associated with the Mexican Mafia Prison Gang and placement of Petitioner in the security housing unit (SHU) for an indefinite period of time. (Pet. 1-4.) Petitioner alleges eleven causes of action. (Pet. 47-54.) He alleges that the California Department of Corrections and Rehabilitation (CDCR) violated his right to due process of law guaranteed by the Fourteenth Amendment because prison staff failed to establish 1) a direct link between Petitioner and a gang associate or member, 2) Petitioner's current gang activity, and 3) gang activity between Petitioner and a gang associate. (Pet. 4-5.) Petitioner challenges the

sufficiency of the evidence that he alleges was relied upon to validate his gang status.  (Pet. 4-5, 8)  Petitioner alleges violations of his liberty interests without the support of "some evidence," his protection against vague and overbroad regulations, his right to equal protection of the laws, his First Amendment right to associate with members of one's own racial group and to engage in legitimate activities without retaliation, and his Eighth Amendment protection against cruel and unusual punishments.  (Pet. 5, 8-9, 54, 36-40.)  He also relies on inconsistency with state regulatory law, the CDCR's Department of Operations Manual, and a settlement agreement in another case.  (Pet. 9, 12, 14-29.)  Petitioner complains of the reduction in privileges in the SHU, poor food, and negative effects on his mental health. (Pet. 41-44.)  Petitioner seeks the reversal of the gang validation, expungement of references to it in the prison's central file, and return of Petitioner to the general prison population.  (Pet. 10, 56-57.)  Petitioner alleges that he was prevented from exhausting his administrative remedies within the prison by specified prison staff members, who incorrectly rejected his appeal because of untimeliness.  (Pet. 30-36.)

In this case, Petitioner alleges that he has been housed in the security housing unit as a result of a gang validation finding which Petitioner alleges was unsupported by reliable evidence and was the result of numerous constitutional violations.  However, Petitioner's allegations concern only the conditions of his confinement.  Petitioner does not allege facts that point to a real possibility of constitutional error that affected the legality or duration of his confinement.  Thus,

Petitioner is not entitled to habeas corpus relief.  It will therefore be recommended that the petition be dismissed.

Should Petitioner wish to pursue his claims, he must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983. Thus, it will be recommended that the Clerk be directed to send an appropriate form complaint to Petitioner.

III.  <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).  In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the

1  resolution was debatable among jurists of reason or wrong.  Id.

2  It is necessary for an applicant to show more than an absence of

3  frivolity or the existence of mere good faith; however, it is not

4  necessary for an applicant to show that the appeal will succeed.

5  Miller-El v. Cockrell, 537 U.S. at 338.

6      A district court must issue or deny a certificate of

7  appealability when it enters a final order adverse to the

8  applicant.  Habeas Rule 11(a).

9      Here, because Petitioner's claims relate only to conditions

10 of confinement, jurists of reason would not find it debatable

11 whether the Court was correct in its ruling.  Accordingly,

12 Petitioner has not made a substantial showing of the denial of a

13 constitutional right, and the Court should decline to issue a

14 certificate of appealability.

15     IV.  Recommendations

16     Accordingly, it is RECOMMENDED that:

17     1) The petition for writ of habeas corpus be DISMISSED

18 without prejudice to Petitioner's right to file a civil rights

19 action pursuant to 28 U.S.C. § 1983; and

20     2) The Clerk of Court be DIRECTED to close the case because

21 this order terminates the action in its entirety; and

22     3) The Court DECLINE to issue a certificate of

23 appealability; and

24     4) The Clerk be DIRECTED to mail to Petitioner a form for

25 filing a civil rights complaint pursuant to 42 U.S.C. § 1983 by a

26 person in custody.

27     These findings and recommendations are submitted to the

28 United States District Court Judge assigned to the case, pursuant

to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.   Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.   Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.   The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).   The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    February 23, 2011                        /s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE